**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 25 2019**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-33911 |
| | ) | |
| Stephanie S. Saba | ) | Chapter 7 |
| | ) | |
| **Debtor.** | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |

### ORDER GRANTING MOTION FOR RELIEF FROM STAY AND ABANDONMENT

This case is before the court on a Motion for Relief from Stay and Abandonment ("Motion") [Doc. # 11] filed by E. Kirk Ross, Trustee of the Norma J. Stark Trust ("Movant"), and Debtor's Reply [Doc. # 15]. The court held a final hearing on the Motion, at which the parties had the opportunity to, and did, offer testimony and documentary evidence in support of their respective positions. The Chapter 7 Trustee neither opposed the Motion nor appeared at the hearings the court held on the Motion. Having considered all evidence and arguments of counsel, the court will grant the Motion.

### FACTUAL BACKGROUND

Debtor filed this Chapter 7 case on December 18, 2018. On her petition, she lists 345 West South Boundary, Perrysburg, OH 43551 as where she lives. [Doc. # 1, p. 2/63, Q. 5]. On her Schedule A/B: Property, she states that she has no legal or equitable interest in any residence, building, land or similar property. [Doc. #1, p.10/63, Part 1: Q. 1]. On her Schedule G: Executory Contracts and Leases, she

1

answers that she does not have any. [Doc. # 1, p. 31/63, Q. 1]. On her Schedule J: Your Expenses, she does not list any rental or home ownership expense. [Doc. # 1, p. 35/63, Part 1; Q.1].

The property that Debtor occupies at 345 W. South Boundary Street, Perrysburg, OH 43551 ("Property") is owned by the Norma J. Stark Trust ("Trust"). *See* Ex. C. Movant is the appointed successor trustee of the Trust. *See* Ex. A. James G. Stark ("Stark") is the beneficiary of the Trust. Ex. B, Art. 3, ¶ 3, p. 2. Upon Stark's death, the Trust agreement provides that the Swaisgood Memory Garden Foundation shall be the beneficiary. *Id.* at p.3.

Stark is the widower of grantor Norma J. Stark. The Trust agreement provides that Stark "shall have the right to reside, rent free, in the residence owned by the Trustee, commonly know as 345 W. So. Boundary Rd., Perrysburg, Wood County, Ohio." *Id.* at ¶ 3.2.2., p. 2. That right is subject to the following obligations: "all real estate taxes and assessments, casualty and liability insurance premiums, cost of repairs, and other expenses incurred in operating and maintaining such property shall be paid by James G. Stark during such use." *Id.*

Debtor testified that she came to stay at the Property at Stark's invitation. As shown by her Schedule J, Debtor does not provide any monetary consideration to Stark or the Trust to live there. Movant has not given Debtor permission to stay at the Property.

Movant seeks relief from stay to evict Debtor from the Property through a pending state court action. Movant states that he does not seek any monetary relief from Debtor, rather that he intends only to pursue the *in rem* eviction action against her in state court. The Motion also seeks abandonment of the bankruptcy estate's interest, if any, in the Property.

## LAW AND ANALYSIS

Upon commencement of this case, an automatic stay took effect. 11 U.S.C. §362(a). Among other things, the automatic stay stops the commencement or continuation of a judicial action (like the eviction action) against the Debtor that was or could have been commenced before the bankruptcy case was filed, 11 U.S.C. § 362(a)(1), and any act to obtain possession of or from or exercise control over the property of the estate, 11 U.S.C. § 362(a)(3), that is created upon the bankruptcy filing, 11 U.S.C. § 541(a).

The statute sets forth two grounds for relief from the automatic stay that may be pursued by "a party in interest." 11 U.S.C. § 362(d). The first provides that the court may grant relief "for cause, including the lack of adequate protection of an interest in property of such party." 11 U.S.C. § 362(d)(1). The second provides for relief from the stay of an act against property if the debtor does not have any equity in the property and the property is not necessary for an effective reorganization. 11 U.S.C.

2

§ 362(d)(2). Relief under § 362(d) is in the alternative. Movant need only be entitled to relief under either § 362(d)(1) or (d)(2) for the motion to be granted.

Congress set forth burdens of proof applicable to a motion for relief from stay in § 362(g). The party seeking relief has the burden of proof on the debtor's equity in property by a preponderance of the evidence and the party opposing relief has the burden of proof on all other issues. Notwithstanding these statutory burdens, a party seeking relief from stay still has the burden of going forward to establish a *prima facie* right to the relief requested before the burden shifts to the debtor to disprove that cause exists for relief from stay. *In re Bushee*, 319, B.R. 542, 551 (Bankr. E.D. Tenn. 2004); *In re Cambridge Woodbridge Apts., L.L.C.*, 292 B.R. 832, 841 (Bankr. N.D. Ohio 2003). This burden of going forward encompasses both statutory and jurisprudential standing requirements, with relief under § 362(d) reserved by the statute to "a party in interest." *In the Matter of Village Rathskeller, Inc.*, 147 B.R. 665, 668-71 (Bankr. S.D.N.Y. 1992); *In re Lakeside I. Corp.*, 104 B.R. 468, 471-72 (Bankr. M.D. Fla. 1989).

As to relief under § 362(d)(1) of the Bankruptcy Code, "cause" is not defined. Therefore, under § 362(d)(1) "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *Trident Assoc. Ltd. P'ship v. Metropolitan Life Ins. Co. (In re Trident Assoc. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995) (quoting *Laguna Assoc., L.P. v. Aetna Casualty & Surety Co.* (*In re Laguna Assoc. L.P.*), 30 F.3d 734, 737 (6th Cir. 1994)). Cause for lifting the automatic stay includes the lack of any purpose under the Bankruptcy Code to keep the automatic stay in place. *In re Horton*, 595 B.R. 1, 2-3 (Bankr. D.D.C. 2019). "Unless such a bankruptcy reason exists, the stay should be lifted." *Id.* at 2.

As an individual Chapter 7 case, the purpose of this case is to afford Debtor a discharge to the extent she is so entitled in exchange for liquidation by the Chapter 7 Trustee of any non-exempt assets for the benefit of her creditors. The automatic stay facilitates those purposes, but it is temporary and terminates by operation of the statute, 11 U.S.C. § 362(c); *Horton*, 595 B.R. at 2-3, unless relief is earlier granted under § 362(d). As Movant seeks relief to pursue an *in rem* action, the underlying eviction action is unrelated to Debtor's discharge or any claims against her. And notably, the Chapter 7 Trustee, as the person charged with administering the estate, 11 U.S.C. § 704(a), has not opposed the Motion. Thus, the Motion does not implicate liquidation of any assets for the benefit of creditors and the request for abandonment of any interest of the estate in the Property arising from Debtor's occupancy will be granted. *See* 11 U.S.C. § 554(b); Fed. R. Bankr. P. 6007(b). The Chapter 7 Trustee, not Debtor, is the proper party to address any interest of the bankruptcy estate in the Property for the benefit of her creditors.

Debtor has not identified any bankruptcy purpose that will be served by keeping the automatic stay

in place pending its statutory termination under § 362(c) to negate cause for relief. Movant has met its burden of going forward to show a *prima facie* basis of cause for relief under § 362(d)(1) and Debtor has not disproven that cause.

As to relief under § 362(d)(2), both elements must be established for relief to be granted thereunder. As for the first element, Debtor's schedules admit that she has no interest in the Property, let alone any equity. Under Sixth Circuit precedent, where, as here, the case is one under Chapter 7, the second element is established as a matter of law, because the proceeding is a liquidation case and not a reorganization by its very terms. *In re Newpower,* 233 F.3d 922, 935 (6th Cir. 2000). Relief is also appropriate under § 362(d)(2).

At the preliminary hearing on the Motion, the court communicated its position to the parties that grounds for relief from stay indisputably exist under § 362(d)(1) and (d)(2). Debtor instead makes two arguments that have been loosely characterized, not entirely accurately, as raising Movant's standing to bring the Motion. Debtor attacks the validity of Movant's appointment and status as successor trustee of the Trust. Debtor also argues that since Stark invited her to the Property, Stark and not Movant is the party with standing to disinvite her, if you will. These issues necessitated the final evidentiary hearing.

Standing is "the threshold question in every federal case," *Warth v. Seldin*, 422 U.S. 490, 498 (1975), and the court must be satisfied that it exists whether raised by a party or not. There are different types of standing concerns that must be addressed in federal cases, grouped under the categories of "irreducible" constitutional standing under Article III of the United States Constitution and prudential considerations. *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982). The party invoking federal jurisdiction has the burden of proving standing to bring the action. *Binno v. American Bar Association*, 826 F.3d 338, 344 (6th Cir. 2016). In stay relief proceedings, the moving party bears the burden of proof to establish that it has standing to prosecute the motion. *In re Wilhelm*, 407 B.R. 392, 400 (Bankr. D. Id. 2009).

The constitutional requirements for standing are proof of injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, causation, and redressability. *Coal Operations and Associates, Inc. v. Babbitt*, 291 F.3d 912, 916 (6th Cir. 2002). Debtor's arguments do not implicate the relatively minimal constitutional standing requirements, which the court finds have been met. Injury in fact is shown in this context by the statutory automatic stay's prohibition against Movant's pursuit of the eviction action against Debtor in state court. Causation exists because Movant cannot exercise nonbankruptcy remedies because of the automatic stay. Redressability exists because the relief requested,

if appropriate, will address and remedy the claimed injury.

In addition to constitutional standing requirements, a party seeking relief in federal court must satisfy prudential standing restrictions, which embody "judicially self-imposed limits on the exercise of federal jurisdiction." *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 273-74 (2008). These restrictions require that a party must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499 (citation omitted).

Additionally, § 362(d) requires that a person be a "party in interest" to move for relief from stay and § 554(b) requires that a person be a "party in interest" to move to compel abandonment.

Lastly, a motion for relief from stay qualifies as a "contested matter" under Bankruptcy Rule 9014(a) to which Bankruptcy Rule 7017(a)(1) applies. Fed. R. Bankr. P. 9014(c). Bankruptcy Rule 7017(a)(1) in turn incorporates Rule 17 of the Federal Rules of Civil Procedure. Under Rule 17(a), a person seeking relief must be the "real party in interest."

The concepts of "prudential standing," "party in interest" and "real party in interest" sometimes get conflated with one another.

Debtor's argument that Stark, not Movant, is the proper party to seek relief from stay to evict Debtor from the Property raises prudential standing concerns. Debtor basically argues that Movant is asserting Stark's rights because Stark has a right of occupancy at the Property, he was the one who invited Debtor to stay there and thus he's the only one with the right to get her out. But the Trust agreement and the Trust's ownership of the Property show that it has its own rights therein to vindicate, which is what Movant seeks relief to return to state court to do.

While Movant has commenced an eviction action in state court, under authority of Chapters 5321 of the Ohio Revised Code, which governs residential landlord tenant law, and 1923 of the Ohio Revised Code, which governs forcible entry and detainer actions, *see Motion*, Doc. # 11, ¶¶ 7-9, it is not clear to this court that these sections apply to Debtor's status in the Property and that Movant is required to follow them. *Cf. Lee v. Wallace,* 186 Ohio App.3d 18, 926 N.E.2d 328 (Ohio Ct. App. 2010)("Generally, 'an individual who lives in a residence with another without a rental agreement and without payment of rent is not a tenant and cannot maintain an action for wrongful eviction.'"; citations omitted). Ultimately, however, it is up to the state court to determine the merits and application of Chapters 1923 and 5321 of the Ohio Revised Code. *In re Lakeside I. Corp.*, 104 B.R. at 470 ("[t]he procedure to obtain relief from the automatic stay was never designed to adjudicate substantive rights"). Suffice to say that for purposes

5

of the Motion, Movant is asserting the Trust's own ownership rights in the Property in seeking relief from stay and abandonment, not Stark's rights, and thus has prudential standing to bring the Motion.

Debtor argues alternatively that the Trust sets up a lease agreement (or "rental agreement" under the Ohio statutes) with Stark because he is required to expend various funds as set forth in the Trust as a condition of occupancy. Debtor further argues that Stark created a sublease (or "rental agreement") with Debtor, thus giving Stark the sole authority to evict Debtor and to ask this court for relief from stay to do so. This argument is faulty. The evidence shows that Debtor stays at the property at Stark's invitation. Even if Stark's occupancy right under the Trust is properly characterized as a lease or "rental agreement," Debtor's schedules executed under penalties of perjury show that she has no sublease or "rental agreement." *See* Ohio Rev. Code §§ 1923.01(C)(5), 5321.01(D). She pays no rent or occupancy expense to anybody and her Schedule G says she has no executory contracts or leases. So while Stark's occupancy rights under the Trust might also give him a basis to seek in state court to boot Debtor out of the Property, *but see Lee v. Wallace,* 186 Ohio App. 3d at 23-24 and n.1, it does not follow from the terms of the Trust or the facts that Stark is the only person with that right, as long as Movant is asserting the Trust's own rights as owner in seeking relief from stay and abandonment in this court, *see* Ex. B, Art. 5, ¶ 1.4, Art. 9, ¶ 2.

A "party in interest" who can request relief from the automatic stay must be determined on a case by case basis with reference to the interest asserted and how that interest is affected by the automatic stay. *In re Vieland,* 41 B.R. 134 (Bankr. N.D. Ohio 1984). Although some cases "have unduly limited the availability of stay relief, the better approach is to recognize that any party affected by the stay should be entitled to move for relief." Collier on Bankruptcy, ¶ 362.07[2] at 362-106 (16th ed. Rev. June 2016). Movant has shown that the Trust owns the Property, that he is the appointed successor trustee of that Trust and has commenced an eviction action against Debtor in state court that is now stayed. Since the Trust's ownership rights are being asserted by the Movant as Trustee, the court finds that Movant is a "party in interest" entitled to request *in rem* relief under §362(d). *In re Bushnell*, 469 B.R. 306, 309 (8th Cir. B.A.P. 2012)("Bank of the West qualified as a party in interest under §362(d) because its interest as owner of the property was adversely affected by the stay.")

Debtor's argument that Movant lacks standing to seek relief from stay because he was not properly appointed as successor trustee under the terms of the Trust agreement, *see* Ex. B, Art. 6, ¶¶ 4,7, p.16, implicates Movant's status as the real party in interest under Rule 17(a). Rule 17(a)(1) specifies that "[a]n action must be prosecuted in the name of the real party in interest," provided that a trustee of an express

6

trust may sue in his own name without joining "the person for whose benefit the action is brought," presumably to include the trust itself and any beneficiaries. " 'Generally, the 'real party in interest' is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit.'" *In re Woodberry*, 383 B.R. 373, 379 (Bankr. D.S.C. 2008)(citations omitted). The purpose of the real party in interest rule is to protect parties against actions by persons who do not have the power to make binding decisions concerning prosecution, settlement and compromise and thus may expose them to further actions by those who do. In Debtor's view, if Movant was not properly appointed as successor trustee of the Trust, he is not the party entitled to bring the eviction action and, although not stated explicitly as such by Debtor, he lacks real party in interest status with respect to the Motion.

There are two problems with this argument.

First, there is no other identified putative successor trustee of the Trust or person that would have standing to enforce its rights with respect to the Property; whether he was properly appointed or not, the evidence shows that he is the trustee.

Second, under Ohio law, which governs the Trust, Ex. B, Art. 10, ¶ 1, p.17, only beneficiaries have standing to bring an action to enforce a trust. *See* Ohio Rev. Code § 5810.01 official comment *citing* Restatement (Second) of Trusts § 200 (1959) (Comment c: "No one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust"). Debtor's argument that Movant was not properly appointed as Trustee is one that seeks to enforce the terms of the Trust. Debtor is not a beneficiary of the Trust. She has no connection to the Trust. Stark as beneficiary signed the appointment of Movant as successor trustee. Ex. A. Under Ohio law Debtor is not entitled to complain about Trust administration issues. The court will thus disregard as not well-taken Movant's argument that Movant was not properly appointed and cannot bring the Motion because he is not the real party in interest. It finds that Movant is the real party in interest to bring the Motion under Rule 17(a)(1). It is up to the state court to decide if it deems it necessary to do so whether Movant is the real party in interest to bring the eviction action. *Horton,* 595 B.R. at 4-5.

Based on the foregoing reasons and authorities, the Court finds that Movant is entitled to relief from stay and abandonment of any interest of the estate in the Property.

Under Bankruptcy Rule 4001(a)(3), an order granting relief from the automatic stay is stayed for 14 days after its entry "unless the court orders otherwise." The court finds "otherwise" in that there is no basis for the 14 day stay of the effectiveness of this order. Debtor has shown no bankruptcy purpose for

7

the continuation of the stay. Her schedules show no rights or interest in the Property beyond a bare occupancy status. Granting relief will not mean or necessitate Debtor's immediate vacation of the Property. As the requested relief allows only further pursuit of *in rem* litigation, Debtor has a reasonable period to find another place to live if she thinks that Movant is likely to prevail in state court.

**IT IS THEREFORE ORDERED** that the Motion for Relief from Stay and Abandonment [Doc. # 11] filed by E. Kirk Ross, Trustee of the Norma J. Stark Trust, is **GRANTED;** and

**IT IS FURTHER ORDERED** that the automatic stay is terminated immediately to allow Movant to pursue an *in rem* action and relief in state court to evict Debtor from the premises at 345 West South Boundary, Perrysburg, OH 43551, but not to seek monetary relief from her related to any pre-petition claims against her; and

**IT IS FINALLY ORDERED** that the Chapter 7 trustee is authorized and directed to abandon any rights or interest in the Property that are property of the bankruptcy estate.

###